## RICHARD WOOD ET AL. v. STATE.

An indictment for a conspiracy to obtain goods by false pretences must charge the doing of an overt act, or it will be void.

On error to the Atlantic Oyer and Terminer.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiffs, *Slape & Stephany.*

For the state, *Joseph Thompson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendants were convicted of a conspiracy to obtain money by false pretences. The only exception taken to the judgment is that the indictment is defective.

The alleged imperfection consists in the omission to show any overt act done in the course of carrying into effect the scheme of the conspirators. At common law the criminal act, in cases of this kind, was complete as soon as two or more persons combined to effect the forbidden purpose; but such is not now the law of this state. Such a combination is not now, *per se*, criminal. To constitute a crime of this class something more than the unexecuted agreement between the persons combining must have occurred. This mollification of the old law has been introduced by the statutory provision which now stands as section 191 of the Crimes act, and which declares that combination to do certain acts, among which is specified the cheat of obtaining money by false pretences, shall be deemed conspiracies; and to this declaration is added a qualification in these words, viz.: "But no agreement to commit any offence other than murder, manslaughter, sodomy,

rape, arson, burglary, or robbery, shall be deemed a conspiracy unless some act in execution of such agreement be done to effect the object thereof by one or more of the parties to such agreement." *Rev., p.* 261.

It is plain that the effect of this recited qualification is to make the doing of an overt act a necessary part of the crime of conspiracy, and the result is that every word contained in this indictment may be true and yet the defendants may not have committed any indictable offence. Such an indictment is not merely informal, for it utterly fails to show any breach whatever of the criminal law.

Nor can such a fundamental defect as this is be waived by an omission to take objection to the indictment before the trial. The constitution of this state requires the criminal accusation to proceed from the grand inquest. In this case that body has not alleged that the defendants have committed a criminal offence; at the most it has charged them with immoral conduct, and it is impossible to say that, as the facts existed in proof before the grand jury, any further accusation was warranted. If the court should interpolate into this indictment the allegation that an overt act was committed, the crime of conspiracy would indeed be charged, but the accusation would be in part made by the court, and in part made by the grand jury, and this plainly would not fulfill the constitutional requirement.

Let the judgment be reversed.