STATE OF NEW JERSEY, PLAINTIFF IN ERROR, v. FRANK
E. TAYLOR, DEFENDANT IN ERROR.

Argued March 4, 1919—Decided June 20, 1919.

On a trial for conspiracy defendant was asked questions which
sought to establish that his co-conspirator was addicted to the
excessive use of liquor, and to such an extent that he would
be incapacitated for weeks at a time, during which he was
mentally incompetent and incoherent, and that these facts were
known to the defendant before and at the time it was alleged
that he entered into the conspiracy with him, the purpose being
to have the jury pass on the question as to whether or not it
was probable that the defendant would make such a combina-
tion with such a man. The trial court overruled the questions,
but this was reversed in the Supreme Court on error. *Held,*
that the questions asked were incompetent, and that the judg-
ment of the Supreme Court should be reversed, to the end that
that of the trial court be affirmed.

On error to the Supreme Court, whose opinion is reported
in 92 *N. J. L.* 135.

For the plaintiff in error, *J. Henry Harrison,* prosecutor,
and *John A. Bernhard,* assistant prosecutor of the pleas.

For the defendant in error, *Wilbur A. Heisley.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendant was indicted with
one Cowan for conspiracy to defraud the board of chosen
freeholders of the county of Essex by falsifying the record of
jurors whereby they received certain jurors' pay from the
county. The record is voluminous and contains many assign-
ments of error and specifications of causes for reversal. The
entire proceedings were brought up by the writ of error.

The Supreme Court dealt with the various objections made,
and found no trial error in the record, save one, and that is,
that certain questions by which it was sought to be shown

that Cowan, defendant's co-conspirator, was addicted to the excessive use of liquor; went on protracted sprees, and was, therefore, a person with whom defendant would not have been likely to enter into a conspiracy, were excluded by the trial court. We agree with the Supreme Court in the conclusions it reached on all the objections made by the defendant except this one; and as to this one, we think that court erred.

The Supreme Court observed in its opinion:

"Assignments 22, 23, 24 and 25 relate to the exclusion, by the court, of questions asked of the defendant by his counsel, which sought to establish by this witness that Cowan was addicted to the excessive use of liquor, and to such an extent that he would be incapacitated for weeks at a time, during which he was mentally incompetent and incoherent, and that these facts were known to the defendant, before and at the time it is alleged that he entered into a conspiracy with Cowan to defraud the county. The purpose of offering this testimony, as stated to the trial court, by defendant's counsel, was to have the jury pass upon the question, as a matter of fact, 'whether or not it is probable that a man in his right senses would make such a combination with a man whom he knows to be for weeks at a time out of his head by the use of intoxicating liquors.'

"We think the testimony offered was competent, and that its exclusion was error prejudicial to the defendant."

It is noteworthy that no authority is cited for this novel doctrine; nor is any furnished with the brief of counsel for defendant to support it.

To permit Cowan's dissipation to be shown would have been to import another and irrelevant issue into the case, a thing forbidden upon familiar principle.

In *Best Pres. L. & F.* 211, it is laid down that according to the general rule it is not competent to give evidence of the general character of the parties to forensic proceedings, much less of particular facts not in issue in the cause, with the view of raising a presumption either in favor of one or disadvantageous to his antagonist.

In *Bullock* v. *State,* 65 *N. J. L.* 557, 577, it was held that the evidence of character regarding a criminal defendant must be confined to general reputation, and that particular acts or specific facts are not admissible as original evidence or by way of rebuttal.

A person on trial for a criminal offence is permitted to show his good character with reference to the charge which is in issue, by testimony showing his general reputation in the community in which he lives (*State* v. *Brady,* 71 *N. J. L.* 360) for chastity and morality, peace and good order, honesty and fair dealing, or, as the case may be, upon the theory that it tends to show the unlikelihood of his having committed the offence with which he stands charged. But, as shown, this may be done only by evidence of general reputation and not by the establishment of particular acts or facts. Now, in the case at bar, the attempt is to establish the bad character of a co-conspirator of the defendant, because, it is said, that that character, if established, would tend to show that it was unlikely that the defendant would have entered into a conspiracy with such a man. The attempt is not to show general bad character for honesty and fair dealing in the third party, the matter involved in the issue joined in this cause, for that would be absurd—it would be absurd to say that a man would not conspire with one whose character for honesty and fair dealing was bad; on the contrary, one of that character is the kind of a man with whom another would conspire—but the attempt is to show that the co-conspirator is a drunkard, and, therefore, a man with whom the defendant would have been unlikely to conspire; and this, not by general reputation for drunkenness, but by specific acts and facts. Now, even if it were permissible to show this third party's character for the trait mentioned, which it is not, it would have to be by general reputation and not by specific acts of facts. It cannot be argued with any show of reason, that although the defendant's character can only be shown by general reputation, that of the third party with whom he was associated, can be shown by particular acts or facts, assuming that the latter's character can be shown at all, which it cannot.

In *Walls* v. *State*, 125 *Ind.* 400, it was held that on a trial for robbery the accused could not show the character for honesty of one jointly indicted with him, but not on trial.

In *Omer* v. *Commonwealth*, 95 *Ky.* 353, it was held that one accused of aiding and abetting a murder in pursuance of a conspiracy cannot prove the good character of his co-conspirators.

It must be obvious that if a defendant in a criminal case cannot give evidence of the good character of his .associates, he cannot give evidence of their bad character. The very statement of the proposition in the alternative shows the fallacy of the contention made by the defendant in this cause, for, if it can be equally urged that a man would not conspire either with the good or with the bad—and, as a conspiracy, if entered into, must be with one or the other, and as conspiracies are entered into all too frequently—it is apparent that the character of co-conspirators is not a deterrent; and, therefore, inquiry into their character is incompetent.

It is contended on behalf of the defendant that the doctrine enunciated by the .Supreme Court is analogous to the rule laid down in *Lewis* v. *Goldstein*, 75 *N. J. L.* 305. That was a suit on a contract and there was a direct conflict as to the price agreed upon; and it was held competent to prove the value of the services and of the materials furnished, for the purpose of showing whose contention was probably correct. We see no analogy in that case to the one at bar. There the issue was as to the value of services and materials; here the issue is not the drunkenness of Cowan, but whether or not Taylor entered into a conspiracy with him; and to show that Cowan was a drunkard is quite beside that issue.

The judgment of the Supreme Court should be reversed, to the end that that of the trial court be affirmed.

*For affirmance*—MINTURN, TAYLOR, JJ.   2.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   9.