STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ARTHUR A. HEMMENDINGER AND MAX SCOLIFF, PLAINTIFFS IN ERROR.

Submitted December 15, 1923—Decided November 15, 1924.

1. While an unlawful agreement is the basis of a conspiracy, it does not become the basis of an indictable offense until one of the parties to the agreement takes a step in furtherance thereof, except in those cases in which, by statute, a conspiracy to commit certain offenses requires no overt act to make it indictable. Hence, it is essential where there is a charge of conspiracy requiring an act to be done in the execution of it that such overt act be set out in the indictment.

2. An indictment for a criminal conspiracy to obstruct and prevent the administration of justice under section 37 of the Crimes act, after setting forth the criminal proceeding to obstruct which the conspiracy was entered into, used these words: "And the said A. A. H. and M. S. did agree with the said I. L. that I. L. was to testify falsely in said case as complaining witness, for and

in consideration of the payment," &c. *Held,* that the use of the conjunction "and" was not to add an independent charge, but was used in and conveys the sense to make specific the matter which had preceded it.

3. In dealing with the language in which an indictment is framed, a court of review will not adhere to the strict rules of syntax, as such a course would in many cases tend to defeat the ends of justice.

On error to the Essex County Court of Quarter Sessions.

Before Justices KALISCH and KATZENBACH.

For the plaintiffs in error, *Edwin G. Adams.*

For the defendant in error, *John H. Bigelow.*

The opinion of the court was delivered by

KALISCH, J. The plaintiffs in error appeal from a conviction and judgment obtained against them of the crime of conspiracy, in the Essex County Quarter Sessions Court. The record and proceedings are before us for review on a strict writ of error and under the one hundred and thirty-sixth section of the Criminal Procedure act.

The principal part of the elaborate and painstaking brief submitted on behalf of the plaintiffs in error, is devoted to an attack upon the validity of the indictment. While it is true that much of the criticism made by counsel is well founded, the blemishes pointed out by him in the indictment are insufficient to vitiate it.

The indictment charges "that Arthur A. Hemmendinger, Max Scoliff, amended Max Skoloff and Isadore Lerman, late of the city of Newark, in the county of Essex, aforesaid, on the third day of February, in the year of our Lord one thousand nine hundred and twenty-two, with force and arms, at the city aforesaid, in the county aforesaid, and within the jurisdiction of this court, did, amongst themselves, conspire, combine, unite, confederate and agree to pervert and obstruct the due course of justice in a criminal case then pending in the Third Criminal Court of Newark, in the county afore-

said, the title of which case was, 'State of New Jersey against Arthur A. Hemmendinger, Max Scoliff, Richard Roe and John Doe,' wherein the said Isidore Lerman was a witness for the state, and the said Arthur A. Hemmendinger and Max Scoliff were defendants, charged with obtaining on January eleventh, nineteen hundred and twenty-two, from the said Isadore Lerman, the sum of three hundred dollars, by means of false representations and false pretenses, and the said Arthur A. Hemmendinger and Max Scoliff did agree with said Isadore Lerman, that he, Isadore Lerman, was to testify falsely in said case as complaining witness for and in consideration of the payment to the said Isadore Lerman of the sum of three hundred dollars by the said Arthur A. Hemmendinger and Max Scoliff."

Section 37 of the Crimes act (2 *Comp. Stat., p.* 1757), *inter alia,* provides: "Any two or more persons who shall combine, unite, confederate, conspire or bind themselves by oath, covenant, agreement or other alliance to commit any crime * * * or to commit any act for the perversion or obstruction of justice or the due administration of the laws, shall, on conviction, be deemed guilty of a conspiracy," &c.

A motion was made on behalf of the plaintiffs in error to quash the indictment for the reasons following: 1. That the indictment fails to state the purpose or object of the alleged conspiracy. 2. That the indictment fails to apprise the defendants of the offense imputed to them. 3. That the indictment fails to properly specify the particulars of the alleged conspiracy. 4. That the said indictment is legally insufficient. The motion was denied and an exception was allowed to the defendants.

At the close of the entire case, Mr. Adams moved, on behalf of the defendant Hemmendinger, for a direction of a verdict of acquittal upon the same grounds as were urged by him upon the motion to quash the indictment and its dismissal and upon the further ground that the prosecution upon all the evidence of the case had not produced anything that would warrant a conviction of the defendant Hemmendinger upon the indictment in question. This motion

was denied and an exception was allowed, signed and sealed by the trial judge. A similar motion was made by Mr. Wolf, on behalf of the defendant Scoliff, which motion was also denied and an exception was allowed. Before sentence was imposed upon the defendants, a motion was made in their behalf in arrest of judgment, upon the grounds urged on the motion to quash and on the further ground that the indictment was defective, which motion was denied and an exception was allowed. Mention of the state of the record is made here. because, in the brief on behalf of the state, it is contended that no proper objection was made to the indictment by the defendant Scoliff in the court below. But this appears to be a mistake. For it appears by the record that such motion was made on behalf of both defendants before the jury was sworn, and that at that time it was suggested to counsel by the learned trial judge that in order to avail themselves of the benefit of the objection they should incorporate the same, at the close of the case, as a part of a motion for a direction of a verdict.

Taking up for consideration the objections urged against the legal sufficiency of the indictment, we think it does state sufficiently the purpose and object of the alleged conspiracy and fully apprised the accused of the nature of the offense charged against them.

The legal principles governing the crime of conspiracy are too familiar to need citation of authorities for their support. It is well settled that the unlawful agreement is the gist of the conspiracy. The unlawful agreement, however, does not become the basis of an indictable offense till one of the parties to such agreement takes a step in furtherance of the execution of it. It is, therefore, essential, where there is a charge of conspiracy which requires an overt act to be done in execution of it, in. order to make the conspiracy indictable, that such overt act should be set out in the indictment. It is not necessary to constitute the offense that it should appear that the object of the conspiracy was attained—a step taken in that direction by one of the parties to the agreement is sufficient. An indictable conspiracy is, in its nature, an

attempt to commit an offense. *2 Bish. Cr. L. (5th ed.)*, ¶ 191.

The statute enumerates the cases in which a conspiracy to commit certain offenses requires no overt act to make the conspiracy an·indictable offense. In those cases an agreement is *per se* an indictable offense.

The argument of counsel, on behalf of plaintiffs in error, in substance, is, that, because the indictment· charged that the defendants conspired to prevent and obstruct the due course of justice in a criminal case, &c., and did agree to procure false testimony, &c., it failed to charge the essence of the offense, namely, what the perversion and obstruction of justice consisted of. That it was not sufficient in law to simply charge in the language of the statute that the agreement was to pervert and obstruct justice, but also by what means this object was to be accomplished; that the further statement in the indictment, namely, "and the said A. H. and M. S. did agree with Isadore Lerman, that he, I. L., was to testify falsely," &c., was not stated as a sequence and part of the foregoing unlawful agreement, but was an independent averment; that proper pleading required that the averment to obstruct justice should have been followed by *in that* (or, to wit), they did attempt to procure false testimony, &c.; that in using the conjunction "and" it meant something in addition to what has gone before, and that there is no authority for using it in place of "to wit," or "in that," or "in furtherance of" such conspiracy; that for these reasons the indictment charged the defendants conspired to obstruct justice in a certain cause, without any specification of the object of the conspiracy.

That the indictment was not drawn according to·the established precedents, in this state, in such cases, appears by the cases cited· on the brief of plaintiffs in error.

But, if we were to adhere strictly to the rules of syntax in dealing with indictments which come before us for review, we have reasonable apprehension that· such a course would, in many cases, tend to defeat the ends of justice.

We think that the use of the conjunction "and" was not to add an independent charge, but on the contrary was used in and conveys the sense to make specific the matter which had preceded it. The defendant could not have been misled as to what was charged as the object of the unlawful agreement.

The second ground urged for a reversal is, that the charging part of the indictment fails to properly specify the particulars required, and to inform defendants of the charge which they were called upon to meet.

There is no merit in this contention, as has been already above indicated. We recognize the soundness of the contention that the allegations of the overt acts contained in the indictment cannot be properly taken into consideration for the purpose of curing any defect in charging the object of the conspiracy. We are of the opinion that the averment as to the object of the conspiracy sets out the object of the unlawful agreement to a legal certainty, notwithstanding the informality in the respects pointed out and discussed by counsel of plaintiffs in error.

Lastly, it is contended the trial judge erred in refusing to dismiss the indictment and in refusing to direct a verdict for the plaintiffs in error, the contention being that the proofs failed to show that any false testimony was the object of the conspiracy or that any false testimony was given by Lerman.

Upon a careful reading of the testimony we reached the conclusion that the contention made is not sustained.

Judgment is affirmed.