120 N.J. Super. 26 (1972)
293 A.2d 224
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO MALASPINA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1972.
Decided July 7, 1972.
*27 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Sanford Schneider argued the cause for appellant (Messrs. De Rose, Serratelli & Schneider, attorneys; Mr. Ralph C. De Rose, of counsel).
Mr. David Noah Dubrow, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
*28 PER CURIAM.
Defendant was indicted by an Essex County grand jury under several indictments for violations of the gambling laws. Under Indictment 2213-69 he was charged with possession of lottery memoranda (N.J.S.A. 2A:121-3), and with working for a lottery (N.J.S.A. 2A:121-3, subd. a). Under Indictment 2212-69 he was charged with bookmaking (N.J.S.A. 2A:112-3). Under Indictment 2205-69 he was charged with conspiracy to violate the lottery laws (N.J.S.A. 2A:98-1). He was found guilty of all charges after a jury trial and was sentenced to concurrent 2 to 2 1/2-year terms in State Prison, Trenton, and fined $5,000.
The principal argument raised on appeal is that the trial judge's instructions to the jury with respect to the charge of conspiracy were erroneous because the trial judge told the jury that it could find a conspiracy if the jurors found that the State had proven an overt act which was not specified in the indictment. The question presented is raised as plain error since no objection was taken below. The specific language objected to is as follows:
Stated in another way, once an agreement among alleged conspirators is proven then any declaration, statement or act specified in the indictment as an overt act, or any other overt act established by the evidence, done in the execution of the conspiracy by one or more of the conspirators is considered under the law to be the act or declaration of all of the conspirators. [Emphasis added]
At common law no overt act had to be shown to establish the crime of conspiracy. The common law still obtains in this State as to the common law felonies but not as to other crimes. N.J.S.A. 2A:98-2. As to crimes other than the common law felonies, the statute mentioned requires that "no person shall be convicted and punished for conspiracy unless some act be done to effect the object thereof by 1 or more of the parties thereto."
There are two views as to whether the overt act required to be proven under statutes similar to N.J.S.A. 2A:98-2 *29 represents a substantive element of the crime or is merely an evidential requirement. The two sides to this question are clearly set forth in Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912). In Hyde the majority determined that the overt act required was a part of the conspiracy. The dissenters, in an opinion by Mr. Justice Holmes, urged that the overt act was merely a matter of evidence needed for conviction.
In our State the holding of our former Court of Errors and Appeals in State v. Gregory, 93 N.J.L. 205, 208 (1919), indicates that this jurisdiction adopts or at least leans toward the substantive view. In Gregory defendants conspired to extort $25,000 from an individual to insulate him from prosecution for adultery. The conspirator who collected the money informed his co-conspirators that the amount extorted from the individual was $20,000, and the money was divided on that basis. Some time later, the co-conspirators found out that the true amount extorted was $25,000 and demanded their share of the additional $5,000. The division was subsequently accomplished. The Court held that the statute of limitations with respect to the crime involved was to be computed from the date of the last of the successful overt acts of which there is appropriate allegation and proof, "and this although some of the earlier acts may have occurred more than three years before the indictment was found." See also State v. Taylor, 92 N.J.L. 135 (Sup. Ct. 1918), reversed on other grounds, 93 N.J.L. 159 (E. & A. 1919).
We conclude that our law presently requires that the State must prove at least one of the overt acts alleged in the indictment and that a conviction for conspiracy cannot be had on proof of an overt act not so alleged. Accordingly, the portion of the trial judge's charge complained of was erroneous. We are satisfied beyond a reasonable doubt, however, that the error was not sufficiently prejudicial to defendant to warrant invoking the plain error rule. One of the overt acts set forth in the conspiracy indictment alleged *30 that defendant had in his possession certain slips and memoranda pertaining to the business of lottery on or about February 17, 1970. Defendant was also charged under the first count of Indictment 2213-69 with the possession of these same memoranda. Unquestionably the State proved this overt act to the satisfaction of the jurors beyond a reasonable doubt since, as noted, defendant was convicted of possession of lottery memoranda. It is apparent that defendant's conviction under the conspiracy indictment was based at least in part on a proven overt act set forth in the indictment.
Defendant also argues that the trial judge erred in permitting the prosecutor to present evidence related to another pending case which involved another criminal charge against defendant. The testimony in question came into the case during the course of the State's attempt to prove that one of the voices on a tape recorded telephone call was that of defendant. Defendant denied that the voice was his. The State was able to show from the content of the conversation that the person speaking was defendant. Defendant's complaint centers on the fact that the contents of the recorded tape included an incidental reference to the pending case mentioned above. We see no error or mistaken exercise of discretion on the part of the trial judge in admitting the evidence. The alternative method of proving defendant's voice was unsatisfactory from the State's standpoint since it would rest purely on the ability of the detective to recognize defendant's tape recorded voice from memory. On the whole case the harm claimed by defendant does not appear so serious to us as to warrant reversal on an otherwise strongly supported prosecution.
Finally, we find frivolous defendant's argument that the admission of detective's identification of the voice of Anthony Rotonda based upon his overhearing Rotonda speak in police headquarters was erroneous as a matter of due process.
The judgments of conviction are affirmed.