[No. 16263-2-I. Division One. June 1, 1987.]

THE STATE OF WASHINGTON, *Appellant*, v. FREDERICK CHARLES HAWTHORNE, ET AL, *Respondents*.

---

24

*Norm Maleng, Prosecuting Attorney,* and *William A. Jaquette, Deputy,* for appellant.

*Robert Goldsmith* of *Seattle–King County Public Defender Association* and *Byron Ward,* for respondents.

RINGOLD, A.C.J.—The defendants, Frederick C. Hawthorne and Lester E. Harris, were charged with conspiracy to violate the Uniform Controlled Substances Act. The motions court ordered that their trials be severed or alternatively that the statements the defendants made implicating each other be sanitized, deleting references to the other defendant. The trial court dismissed the information with prejudice against both defendants because of vagueness. The State appeals both rulings.

On November 28, 1984, a King County police detective working undercover met and spoke with the defendants in the lounge area of a restaurant in Federal Way. The conversations between the detective and each defendant were mostly held out of the presence of the other defendant. Both Hawthorne and Harris indicated to the detective that they were involved in an enterprise to bring cocaine into Washington from California, and both implicated each other in the enterprise.

The next day the detective called Hawthorne and arranged to purchase some cocaine. Both Harris and Hawthorne appeared at the location agreed upon by Hawthorne and the detective. Before their arrest at the location, both defendants spoke with the detective concerning the drug transaction.

Before trial the defendants moved for a bill of particulars, but their motion was denied. At trial the defendants moved to dismiss the second amended information, arguing that it was too vague because it did not specify the overt act which was the substantial step in furtherance of the conspiracy. On the day of trial, the State offered to amend the information a third time to correct this alleged deficiency. The trial court refused to allow the State to amend the information again, stating that such action being untimely would prejudice the defendants. The charges against the defendants were dismissed with prejudice.

## INFORMATION

"An accused has a constitutional right to be informed of the nature and cause of the accusation against him or her so as to enable the accused to prepare a defense." *State v. Bergeron*, 105 Wn.2d 1, 18, 711 P.2d 1000 (1985). "An information is subject to attack if it is too indefinite or uncertain to enable the accused to prepare his defense." *State v. Rhinehart*, 92 Wn.2d 923, 928, 602 P.2d 1188 (1979).

The second amended information, effective at the time of trial, stated:

I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the state of Washington, do accuse Frederick Charles Hawthorne, aka Barry D. Cartwright and Lester E. Harris, and each of them, of the crime of conspiracy to violate the Uniform Controlled Substances Act, committed as follows:

That the defendants Frederick Charles Hawthorne, aka Barry D. Cartwright and Lester E. Harris, and each of them, in King County, Washington, during a period of time intervening between November 28, 1984 and November 29, 1984, did unlawfully and feloniously agree each with the other to deliver a controlled substance, and a narcotic drug, to–wit: cocaine, a derivative of coca leaves, to Mark Orendorff, and did perform an overt act which was a substantial step in pursuance of such agreement;

Contrary to RCW 69.50.407, RCW 69.50.401(a) and RCW 9A.28.040, and against the peace and dignity of the state of Washington.

The defendants contend that this information is vague, and thus defective, because it fails to specify what overt act was the substantial step in furtherance of the conspiracy.

Under the former conspiracy statutes RCW 9.22.010 and .020,[1] the crime of conspiracy was complete when the conspirators reached an agreement or understanding or consummated a plan to do unlawful acts. The conspiracy statutes did not require proof of the common law element of an overt act in pursuance of the conspiracy. *State v. Gladstone,* 78 Wn.2d 306, 311, 474 P.2d 274, 42 A.L.R.3d 1061 (1970). Here, the defendants were charged with violating RCW 9A.28.040, the statute replacing RCW 9.22.010 and .020, and RCW 69.50.401(a) and .407 of the Uniform Controlled Substances Act.

None of these statutes requires an "overt act." RCW 9A.28.040, however, requires that one of the persons involved in the conspiracy take a substantial step in pursuance of the underlying criminal agreement. It was improper to charge the defendants under RCW 9A.28.040, the gen-

---

[1]RCW 9.22.010 and .020 were repealed by Laws of 1975, 1st Ex. Sess., ch. 260, and replaced by current RCW 9A.28.040.

eral conspiracy statute. When applicable, the State is mandated to pursue RCW 69.50.407, the more specific statute pertaining to a conspiracy to violate the Uniform Controlled Substances Act, RCW 69.50. *State v. Langworthy,* 20 Wn. App. 822, 828, 583 P.2d 1231 (1978) (cited with approval in *State v. Austin,* 105 Wn.2d 511, 515–16, 716 P.2d 875 (1986)), *rev'd on other grounds,* 92 Wn.2d 148, 594 P.2d 908 (1979).

■ Neither an overt act nor a substantial step is mentioned in RCW 69.50.407. The defendants argue, however, that if the State includes an item in the information it becomes an element that must be proved by the State. The defendants rely on *State v. Worland,* 20 Wn. App. 559, 582 P.2d 539 (1978) and *State v. Barringer,* 32 Wn. App. 882, 650 P.2d 1129 (1982) for this proposition. Their reliance is misplaced. In those cases the added elements were also included in instructions to the jury, at which time they became the law of the case. *Worland,* at 565–66; *Barringer,* at 887–88. Here the defendants had waived a jury trial and the rule in *Worland* and *Barringer* is inapplicable. *See State v. McGary,* 37 Wn. App. 856, 860, 683 P.2d 1125 (1984).

The trial court relied upon cases from other jurisdictions, which have as an element of conspiracy the requirement of an overt act. *E.g., State v. Newell,* 152 N.J. Super. 460, 378 A.2d 47 (1977). The trial court concluded that these cases require that the overt act be specified in the information. While these other cases might be persuasive should this court review a conspiracy charge under RCW 9A.28.040, which has the requirement of a substantial step, they are inapposite to the situation here involving RCW 69.50.407.

The trial court erred when it required the State to specify the overt act which the State believed was in furtherance of the defendants' conspiracy. The trial court, however, correctly ruled the State's information was too vague concerning what constituted the conspiracy.

## Dismissal With Prejudice

"A criminal charge may be so vague as to fail to state any offense whatsoever. In this event, the charge is constitutionally defective and subject to dismissal." *State v. Bonds*, 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied*, 464 U.S. 831, 78 L. Ed. 2d 112, 104 S. Ct. 111 (1983). There is, however, a distinction between an information which fails to charge a crime and one which is merely unclear as to the acts upon which the charged crime is based. *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985).

■ Here, the State included all the elements of the charged crime in the information, but was vague concerning its theory of what constituted the conspiracy. In such an instance, "the charge is not subject to dismissal unless the prosecuting officials refuse to comply with an order calling for greater particularity." *Bonds*, at 17.

The defendants requested a bill of particulars, which was opposed by the State and denied by the motions judge. At trial, the defendants moved to dismiss the information because of vagueness. The State vigorously argued the information was adequate. The defendants contend that the State's actions were sufficient to invoke the sanction of dismissal under the rule in *Bonds*.

The State, however, never disobeyed an order to provide greater specificity. The trial court erred by refusing to allow the State to amend its information. *Bonds*. The speedy trial date had not yet been reached and the defense could have been granted a continuance to prepare for trial upon the amended information.

## Severance

The standing of the State to appeal in a criminal case is limited by RAP 2.2(b), which provides in pertinent part:

[T]he State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:

(1) *Final Decision, Except Not Guilty.* A decision which in effect abates, discontinues, or determines the

case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information.

(2) *Pretrial Order Suppressing Evidence.* A pretrial order suppressing evidence, if the trial court expressly finds that the practical effect of the order is to terminate the case.

The rule does not permit the State to appeal from the order granting a separate trial to each defendant.

We reverse the order of dismissal and remand for further proceedings consistent with this opinion.

GROSSE and PEKELIS, JJ., concur.