[No. 25319-1-I.   Division One.   May 4, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN D. SMITH, *Appellant.*

*Irene Tanabe* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

KENNEDY, J. — Appellant Brian Smith appeals his conviction of conspiracy to deliver a controlled substance, lysergic acid diethylamide (LSD). Smith contends that the evidence was insufficient to support a finding that he conspired to deliver a controlled substance. We affirm.

I

On the evening of February 16, 1988, Corporal Corey Cook of the Snohomish Police Department, working undercover, agreed to purchase 50 doses of LSD from Bruce Erickson. They arranged to meet at a park and ride lot in the city of Snohomish.

On that same evening, Smith stopped by Erickson's residence in Everett. Erickson asked Smith for a ride to Snohomish, ostensibly to meet David Hensler. Smith agreed to give Erickson a ride as Smith also wanted to see Hensler. Hensler owed Smith $600 for rent and telephone bills.

Smith and Erickson arrived at the Snohomish park and ride lot at 8:15 p.m., in Smith's Datsun pickup. Smith drove and Erickson was in the passenger seat.

Corporal Cook approached the passenger side and spoke to Erickson, asking Erickson if he had any LSD. Erickson produced a plastic bag containing LSD. Corporal Cook asked Smith if he had tried the LSD and if it was any good. Smith replied that "he was going to college at the time and he couldn't afford to get messed up, but that his wife had taken some of it, and . . . 'it really [messed] her up.'" Corporal Cook testified that he took this to refer to a beneficial quality of LSD. Corporal Cook then agreed to purchase the LSD, handed the money to Erickson, and arrested both Smith and Erickson.

At the police station, Corporal Cook questioned Smith. Corporal Cook recorded the following statement in his police report:

> Smith told me that he was aware that Erickson was selling me acid at the Park and Ride and said that he was in Everett at the time and had to go to Snohomish anyway and that Erickson said that he needed a ride.

Smith was charged with conspiracy to deliver a controlled substance. Smith waived his right to a jury trial. At the bench trial, Corporal Cook testified that he interpreted Smith's statement that he recorded in the police report to mean that Smith was in Everett when he learned of the impending LSD sale.

At the close of the State's case, Smith moved to dismiss for lack of sufficient evidence. Smith argued that there was insufficient evidence from which the trier of fact could find all of the essential elements of conspiracy to deliver a controlled substance. The trial court denied the motion, finding that there was sufficient evidence of conspiracy because Smith agreed to assist Erickson in delivering LSD by giving Erickson a ride to Snohomish, knowing that Erickson's purpose was to sell LSD.

Smith then testified on his own behalf and stated that he had not known in advance of the sale that Erickson was

going to sell LSD. Smith also denied telling Corporal Cook that his wife had used LSD.

At the conclusion of the bench trial, the court found Smith guilty of conspiracy to deliver a controlled substance because Smith "knew that Erickson's purpose was to go sell some LSD."

Smith appeals challenging the sufficiency of the evidence.

II

Smith argues that his conviction must be reversed because the evidence is insufficient to support a finding of conspiracy to deliver a controlled substance. Smith contends that the trial court failed to find beyond a reasonable doubt the essential elements of conspiracy, specifically an agreement to engage in the delivery of a controlled substance and the intent that a controlled substance be delivered.

■ When a conviction is attacked on the basis of insufficiency of evidence, the proper inquiry on review is, after viewing the evidence in the light most favorable to the State, "whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a *reasonable doubt*." (Footnote omitted.) *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). Thus to affirm Smith's conviction for conspiracy to deliver a controlled substance, we must determine whether a rational trier of fact could have found beyond a reasonable doubt that Smith agreed with Erickson to deliver LSD to Corporal Cook and that Smith intended that LSD be delivered to Corporal Cook.

■ ■ A formal agreement is not essential to the formation of a conspiracy. *State v. Casarez-Gastelum*, 48 Wn. App. 112, 116, 738 P.2d 303 (1987). An agreement can be shown by a "concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose.'" *Casarez-Gastelum*, 48 Wn. App. at 116 (quoting *Marino v. United States*, 91 F.2d 691, 694 (9th Cir. 1937)). Proof of a conspiracy may be estab-

lished by overt acts and "much is left to the discretion of the trial court." *Casarez-Gastelum*, 48 Wn. App. at 116 (quoting *Marino v. United States, supra*).

Here the trial court found Smith guilty of violating RCW 69.50.407, conspiracy to deliver a controlled substance, which provides:

> Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The trial court noted that, because conspiracy is not defined in the controlled substances act, it was applying the definition of conspiracy under the general conspiracy statute, RCW 9A.28.040(1), without the substantial step requirement.[1] RCW 9A.28.040(1) provides:

> A person is guilty of criminal conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them takes a substantial step in the pursuance of such agreement.

The evidence, although conflicting in some respects, convinced the trier of fact that, although Smith's primary purpose in giving Erickson a lift to the park and ride lot was to meet with Hensler, who owed Smith $600, his secondary purpose was to assist Erickson in delivering LSD. As conceded by Smith in oral argument for this appeal, the presence of a primary, legal, reason for the trip, does not in and of itself negate a secondary illegal reason. By agreeing to drive Erickson to Snohomish with prior knowledge that the purpose of Erickson's trip was to sell LSD, Smith agreed to engage in the delivery. That the trip also satisfied Smith's

---

[1] The court stated that it was omitting the substantial step requirement based on *State v. Hawthorne*, 48 Wn. App. 23, 737 P.2d 717 (1987), which held that substantial step is not an element of conspiracy under RCW 69.50.407. Thus, the court defined conspiracy as: "A person commits the crime of criminal conspiracy when, with the intent that conduct constituting a crime be performed, he or she agrees with one or more persons to engage in or causes the performance of such conduct."

own primary purpose of meeting up with Hensler does not negate the agreement and concerted action.

Smith argues that the trial court confused "knowledge" of the sale with the "agreement and concerted action" requirement of conspiracy. We disagree. Here there was evidence not only of knowledge of Erickson's unlawful purpose, but an agreement to assist with the plan by providing the necessary transportation. The evidence was sufficient to prove an agreement. An agreement may be proved by overt acts. *See Casarez-Gastelum*, 48 Wn. App. at 116. Here there were two overt acts: first, that Smith drove Erickson to Snohomish knowing, according to Corporal Cook, Erickson's purpose for the trip; and second, that Smith provided encouragement for the sale by assuring the officer of the potency of the drug.

We hold that there is sufficient evidence to convince a rational trier of fact beyond a reasonable doubt that Smith agreed to transport Erickson to Snohomish for the common purpose of delivering LSD.

■ The State also had to prove that Smith intended to deliver LSD to convict him of conspiracy to deliver a controlled substance.[2] *See* RCW 9A.28.040(1). In *Casarez-Gastelum*, the court held that once a conspiracy has been established, the State must prove beyond a reasonable doubt that the defendant had at least a "slight" connection with the conspiracy. 48 Wn. App. at 117. Evidence establishing a "slight" connection with the conspiracy,

> must be of the quality which will reasonably support a conclusion that the particular defendant in question wilfully participated in the unlawful plan with the intent to further some object or purpose of the conspiracy.

*Casarez-Gastelum*, 48 Wn. App. at 117 (quoting *United States v. Freie*, 545 F.2d 1217, 1222 (9th Cir. 1976)).

Smith argues that his conviction must be reversed because the trial court failed to find that he intended to deliver LSD. Smith contends that the trial court's finding

---

[2]Intent is defined as action "with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a).

that he had knowledge of Erickson's illegal purpose is insufficient to support a finding of intent. We disagree with Smith's interpretation of the trial court's findings.

Here, the trial court found that Smith's "primary purpose was to go and try to get his 600 bucks out of Hensler, but he knew that Erickson's purpose was to go to sell some LSD." Implicit in the trial court's finding is that Smith not only knew of Erickson's unlawful purpose, but that Smith agreed to assist with the plan by providing the necessary transportation to complete the sale and that Smith provided encouragement for the sale by assuring Corporal Cook that the LSD was potent. *Cf. State v. Lund*, 63 Wn. App. 553, 561, 821 P.2d 508 (1991). Such evidence is sufficient to show that Smith intended to assist Erickson in the delivery of LSD.

Accordingly, we affirm Smith's conviction.

WEBSTER, A.C.J., and PEKELIS, J., concur.

Review denied at 119 Wn.2d 1019 (1992).