[Nos. 40809, 40810. En Banc. December 17, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT ORANGE, *Appellant.**

*Reported in 478 P.2d 220.

*Jack E. Tanner*, for appellant.

*C. J. Rabideau*, for respondent.

STAFFORD, J.—On July 20, 1968, a disagreement arose between the police and (as indicated in appellant's brief) "some of the black citizens of East Pasco." There is substantial evidence from which the jury could have concluded that several rock-throwing and window-breaking incidents occurred in the area following which an estimated 75 to 100 people gathered at Kurtzman's Park. The jury also could have concluded that a "confrontation" followed during which the appellant, assembled with at least three other persons, disturbed the public peace by assaulting some police officers.

Appellant was charged with two counts of assault in the second degree and one count of riot. His case was consolidated for trial with those of two other defendants similarly charged. The codefendants were acquitted on all counts. Appellant was acquitted on both counts of second-degree assault but was found guilty of third-degree assault, as a lesser included offense, and guilty of the crime of riot. He appeals.

Trial court's general power to consolidate separate cases for trial is not challenged. Appellant asserts, however, that in this instance it was error to have consolidated three riot cases. He urges that such consolidation automatically established one essential element of the crime without any proof thereof, *i.e.*, that three or more persons had assembled during a breach of the peace.

This argument ignores the fact that an information is merely the means by which one is informed of the charge against him so he may defend himself against it. The filing of an information, or the consolidation of several for trial,

proves nothing. One is presumed to be innocent until *proven guilty* beyond a reasonable doubt. The jury was instructed on the state's duty to establish each and every element of the crimes charged against the individual defendants. It does not require speculation to determine whether the instructions were followed. The jury actually acquitted two of the codefendants on all counts.

The trial court's power to consolidate cases for trial will not be disturbed unless a manifest abuse of discretion has been demonstrated. *State v. Parker*, 74 Wn.2d 269, 444 P.2d 796 (1968); *State v. Mason*, 41 Wn.2d 746, 252 P.2d 298 (1953). We find no such abuse.

Appellant challenged the panel of jurors prior to their selection for his trial, prior to submission of his case to the jury, and again at the time of arguing the motion for a new trial. He urges that the initial selection of the jury panel failed to comply with "due process and equal protection of the law to him as a black man" because black people were systematically excluded from service as jurors.

The record fails to disclose whether the challenge at the trial level was made pursuant to RCW 10.49.030. Failure to comply with this statute deprives the trial court of necessary proof of alleged irregularities. Nevertheless, the serious accusation has caused us to review the entire trial record, the statement of facts and a special narrative statement of facts which detailed the method of jury selection. The only thing established with clarity is the fact that appellant resided in jury district No. 4; that four jurors on his panel were from the same district; and one of them was a black. This neither supports the accusation of "systematic exclusion of black people" nor demonstrates a failure to comply with due process of law in the selection of jurors. *State v. Green*, 70 Wn.2d 955, 425 P.2d 913 (1967). We have been unable to find a basis for the accusation and counsel for appellant has acknowledged, in oral argument, that he possesses no further proof.

Appellant challenges RCW 9.27.040 as vague, unclear, uncertain, confusing, ambiguous and, thus, violative

of his right to peaceful assembly under the first amendment to the United States Constitution.

Statutes are not unconstitutional just because there are marginal cases in which it is difficult to draw the line. The Constitution only requires the statutory language to give a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." United States v. Petrillo, 332 U.S. 1, 7-8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877.

*National Mobilization Comm. to End the War in Viet Nam v. Foran*, 411 F.2d 934 (7th Cir. 1969). This statute meets the foregoing standard.

■ Appellant argues further that the statute prohibits peaceful assembly because "whenever three or more persons [have] assembled for any purpose" it becomes unlawful. The argument lacks merit. The portion of the statute quoted has been taken out of context. RCW 9.27.040 does not make it unlawful for three or more persons to assemble for any purpose nor does it outlaw *peaceful* assembly. It only makes such assembly of three or more persons unlawful if those assembled "shall disturb the public peace by using *force or violence to any other person, or to property*". (Italics ours.)

Next, appellant argues that RCW 9.27.040 (riot) and RCW 9.27.060 (unlawful assembly) are so nearly identical that RCW 9.27.040 should be held unconstitutional because RCW 9.27.060 was held unconstitutional. *Comstock v. United States*, 419 F.2d 1128 (9th Cir. 1969). We do not adopt the argument for two reasons.

First, *Comstock* did not declare RCW 9.27.060 unconstitutional. It merely held that "until Washington has placed a suitably restrictive construction upon it, we hold this statute to be constitutionally infirm *as a basis for federal prosecution under the Assimilative Crimes Act.*" (Italics ours.) *Comstock*, 419 F.2d 1130. Nevertheless, it was left to this court to provide the limiting authoritative construction necessary to make the statute acceptable under the federal Assimilative Crimes Act. The statute was not stricken down.

Second, *Comstock* found RCW 9.27.060 objectionable because it failed to have express language or authoritative construction which excluded constitutionally protected activities from its application. However, *Comstock* also recognized a crucial distinction between ordinary "breach of the peace" and "disorderly conduct" laws and those laws which it felt were aimed directly at some First Amendment activities such as "freedom of speech" and the right to "peaceably assemble".

Considering the language of *Comstock*, RCW 9.27.040 is not subject to the so-called constitutional infirmity found in RCW 9.27.060. RCW 9.27.040 contains express language which excludes the constitutionally protected activity of *peaceful* assembly. It prohibits the assembly of three or more persons *only* if those assembled "shall disturb the public peace *by using force or violence to any other person, or to property*." (Italics ours.) RCW 9.27.040 is both clear and constitutional.

 Each of appellant's codefendants were acquitted of the crime of riot. This, he contends, requires dismissal of the charge against him because one may not be guilty of a one man riot. The argument is novel, but the subject is not properly before us. An argument will not be considered if it is not supported by an assignment of error. ROA I-43; *Hubbell v. Ernst*, 198 Wash. 176, 87 P.2d 985 (1939); *Jeffery v. Hanson*, 39 Wn.2d 855, 239 P.2d 346 (1952); *Boyle v. King County*, 46 Wn.2d 428, 282 P.2d 261 (1955). In addition, appellant was not charged with having committed the crime with any one or more of the codefendants. There were 75 or more *other* people *assembled* at Kurtzman's Park that night. Under the circumstances, an acquittal of one or more of the codefendants has no bearing on appellant's guilt.

 Error is assigned to three instructions given by the trial court and none is well taken. The first instruction quotes from RCW 9.27.040 and is said to be unconstitutional. Nothing will be gained by repeating our earlier rejection of the same argument directed at RCW 9.27.040. The second instruction is not set out in the brief. We will

not consider such an assignment of error unless the instruction is set out in full in the brief. ROA I-42 and ROA I-43. The third instruction is challenged because it is alleged to be vague, uncertain, ambiguous and misleading. However, counsel has failed to furnish us with either argument or citation of authority to support his position. An assignment of error that is neither discussed nor supported by legal argument is deemed waived, *State v. Davis*, 60 Wn.2d 233, 373 P.2d 128 (1962); *State v. Gregory*, 73 Wn.2d 537, 439 P.2d 400 (1968), and will not be considered on appeal. *Seattle v. Love*, 61 Wn.2d 113, 377 P.2d 255 (1962); *Bremerton v. Kitsap County Sewer Dist.*, 71 Wn.2d 689, 430 P.2d 956 (1967).

Finally, it is urged that the trial court erred by refusing to grant a motion for new trial which asserted:

A substantial right of the defendant was affected in that the verdict is contrary to the law and the evidence.

Under this assignment of error, appellant has reasserted all previous assignments of error. Nothing will be accomplished by restating our reasons for having rejected them. Only two newly raised issues will be discussed.

■ First, it is urged that 1 hour of deliberation is an inadequate time to have considered the issues of a 5-day trial. Appellant, however, has not furnished us with any citation of authority or any formula which indicates that the length of deliberation, for that reason alone, is a ground for reversal. In fact, the law is to the contrary. A jury is authorized to return a verdict without leaving the jury box. RCW 4.44.300. Furthermore, the jury's action refutes appellant's argument. It considered the issues sufficiently to acquit both codefendants on all counts and to acquit appellant on two counts of assault in the second degree, returning a guilty verdict only on a lesser included offense of third-degree assault and of riot.

■ Second. it is contended that the verdict of third-degree assault is "inconsistent with the verdict as to the riot charge." Appellant seems to argue that guilt established in one charge of third-degree assault may not form a basis for

the jury's conclusion that a defendant also breached the public peace by "force or violence" as an element of the crime of riot. This argument was laid to rest in *State v. Moe*, 174 Wash. 303, 24 P.2d 638 (1933). We held that where larceny was committed by a number of people by force and violence, all participants were properly charged with *both* larceny and riot.

The judgment is affirmed.

ALL CONCUR.

February 1, 1971. Petition for rehearing denied.