142 P.3d 610 (2006)
STATE of Washington, Respondent,
v.
Wade William PIERCE, Appellant.
No. 32861-5-II.
Court of Appeals of Washington, Division 2.
July 11, 2006.
Publication Ordered September 6, 2006.
*611 Jodi R. Backlund, Manek R. Mistry, Backlund & Mistry, Olympia, WA, for Appellant.
J. Andrew Toynbee, Lewis County Prosecuting Atty. Office, Chehalis, WA, for Respondent.
PENOYAR, J.
¶ 1 Wade William Pierce appeals his convictions for possession of methamphetamine, possession of drug paraphernalia, carrying a concealed weapon without a permit, and possession of a dangerous weapon. He claims that his waiver of a jury trial was not valid under the state constitution. He also claims that a firearm enhancement was improper because only a deadly weapon enhancement was charged in the information. Finally, he claims that the trial court erroneously rejected his unwitting possession defense. We affirm the convictions but remand for resentencing on the deadly weapon enhancement.

FACTS

I. BACKGROUND
¶ 2 Lewis County Sheriff Deputy Jason Mauermann was on patrol around 5 p.m. on March 10, 2004, when he saw Pierce's car drifting over the center line. Suspecting a DUI, Mauermann pulled Pierce over. As he approached the car, Mauermann noticed a lot of movement inside. He told Pierce to put his hands on the steering wheel, but Pierce kept reaching into places that Mauermann could not see.
¶ 3 Mauermann had Pierce exit the vehicle and after he did, Mauermann noticed two plastic baggies containing what appeared to be methamphetamine on the driver's seat. After arresting Pierce, Mauermann searched Pierce and the car and found additional methamphetamine, drug paraphernalia, a digital scale, a spring-bladed knife, and a handgun.
¶ 4 Shortly after his arrest, Pierce told Mauermann that the methamphetamine was his and that he was taking it to a friend to make some money. Pierce said that he had purchased the gun for his son but that he had it with him for protection. He also said that he bought the spring-loaded knife in Oregon and thought that it was all right to carry it. Pierce told Mauermann that he was driving erratically because he was steering with his knees while trying to answer his cell phone. Mauermann concluded that Pierce was not under the influence of alcohol or drugs.

II. PROCEDURAL HISTORY
¶ 5 Pierce was charged with possession of a controlled substance with intent to deliver while armed with a deadly weapon, unlawful use of drug paraphernalia, carrying a concealed pistol without a permit, and possession of a dangerous weapon: a spring-loaded double-edged knife.
¶ 6 Shortly before trial, Pierce waived his right to a jury trial by submitting a written waiver. The following exchange then occurred in open court:

*612 [Defense counsel]: . . . I have gone over the situation with Mr. Pierce and he has indicated that he would like to waive jury at this time, so I would file a waiver. I believe it is set before Judge Brosey.
THE COURT: Mr. Pierce, . . . [defense counsel] has presented the court with a waiver of jury trial. Do you understand that by waiving your right to a jury trial, that you waive your right to have your case heard by 12 people?
THE DEFENDANT: Yes.
THE COURT: And do you understand that all 12 people have to agree on a verdict?
THE DEFENDANT: Yes.
THE COURT: And do you understand that if you waive jury trial, your case will be heard by one person, a judge?
THE DEFENDANT: Correct.
THE COURT: And are you doing this freely and voluntarily?
THE DEFENDANT: Sir.
THE COURT: I'll approve the waiver subject to acceptance by [the trial judge].
Report of Proceedings (RP) (01/13/05) at 1-2.
¶ 7 At the beginning of trial, the trial court also addressed the issue.
THE COURT: Mr. Pierce, I want to remind you, you have the right to have this matter heard by the Court sitting with a 12 person jury. That's automatic. You don't have to ask for that. I have before me a signed waiver of jury trial which is dated the 11th of January which was approved by Judge Hall subject to my accepting it. Do you have any question about your right to trial by jury?
THE DEFENDANT: No.
THE COURT: Is it your request that this matter be heard by me?
THE DEFENDANT: Yes.
THE COURT: You're also advised, Mr. Pierce, that notwithstanding the fact that we don't have a jury, this is in fact a trial. You are presumed innocent.
RP (01/20/05) at 6-7.
¶ 8 Pierce testified at trial that he purchased the gun and the scale along with the cell phone at a garage sale about an hour before Mauermann pulled him over. He said the man holding the garage sale was trying to raise money for his son, who was in jail.
¶ 9 Pierce further testified that he charged the cell phone in his car for about five minutes while he was driving but that the phone still would not come on. He then pulled into the center of the road and put his knee under the steering wheel so he could open the phone to see if the battery was there. As he opened the phone, a straw and baggies fell out onto his lap. Right then, Pierce said he heard the siren and saw Mauermann's lights behind him. Pierce said he tried to hide one of the baggies in a cigarette case.
¶ 10 The trial court convicted Pierce as charged except that it did not find intent to deliver but, rather, convicted Pierce of the lesser included offense of possession of a controlled substance. The court's written conclusions of law also said: "The defendant was armed with a deadly weapon, to wit: a.380 caliber pistol." Clerk's Papers (CP) at 19.
¶ 11 At sentencing, Pierce received an 18-month firearm enhancement.

ANALYSIS

I. WAIVER OF THE RIGHT TO A JURY TRIAL

A. Pierce's claim
¶ 12 Pierce claims that his waiver of his jury trial right was invalid under Washington's state constitution. He claims that a valid waiver of the state constitutional right to a jury trial requires more than a valid waiver of the corresponding federal right. He argues that a waiver of the state constitutional right to a jury trial is valid only if the defendant is fully aware of the meaning of the state constitutional right. Without citing authority, Pierce claims that he needed to understand his right to participate in jury selection, his right to an impartial jury, his right to a 12-person jury, his right to be presumed innocent until proven guilty beyond a reasonable doubt, and his right to a unanimous verdict.
¶ 13 Pierce urges us to analyze his claim under State v. Gunwall, 106 Wash.2d 54, 720 *613 P.2d 808 (1986). The Gunwall case describes six nonexclusive criteria for determining whether, in a given situation, the Washington State constitution extends broader rights to its citizens than does the United States constitution. State v. Gunwall, 106 Wash.2d at 58, 720 P.2d 808.[1]
¶ 14 Pierce also cites to article I, sections 21[2] and 22,[3] of the Washington constitution claiming they mandate a higher level of protection so that waiver of the jury trial right must be stringently examined. He claims that textual differences between the state and federal constitutions demonstrate that waiver of the state constitutional right requires more than a waiver of the corresponding federal right. He does not cite authority for these propositions. He simply claims that his waiver was invalid because the record does not demonstrate that he understood certain aspects of his jury trial right.

B. Rules on jury trial waiver
¶ 15 Washington courts have already determined that the right to trial by jury under Washington's state constitution is broader than the federal constitutional jury trial right. State v. Hobble, 126 Wash.2d 283, 298, 892 P.2d 85 (1995) (citing Pasco v. Mace, 98 Wash.2d 87, 99, 653 P.2d 618 (1982)). For example, the court in Pasco held that the state constitution, unlike the federal, provides the right to a jury trial for any adult criminal offense, including petty offenses. Pasco, 98 Wash.2d at 99, 653 P.2d 618.
¶ 16 Washington already has rules governing a defendant's waiver of the jury trial right. A defendant may waive the right as long as the defendant acts knowingly, intelligently, voluntarily, and free from improper influences. State v. Stegall, 124 Wash.2d 719, 724-25, 881 P.2d 979 (1994). We will not presume that the defendant waived his jury trial right unless we have an adequate record showing that the waiver occurred. State v. Woo Won Choi, 55 Wash. App. 895, 903, 781 P.2d 505 (1989), superseded on other grounds as recognized by State v. Anderson, 72 Wash.App. 453, 458-59, 864 P.2d 1001 (1994) (citing Seattle v. Williams, 101 Wash.2d 445, 451, 680 P.2d 1051 (1984)).
¶ 17 In examining the record, we consider whether Pierce was informed of his constitutional right to a jury trial. Woo Won Choi, 55 Wash.App. at 903, 781 P.2d 505. We also examine the facts and circumstances generally, including Pierce's experience and capabilities. Woo Won Choi, 55 Wash.App. at 903, 781 P.2d 505. A written waiver, as CrR 6.1(a)[4] requires, is not determinative but is strong evidence that the defendant validly waived the jury trial right. Woo Won Choi, 55 Wash.App. at 904, 781 P.2d 505. An attorney's representation that his client knowingly, intelligently, and voluntarily relinquished his jury trial rights is also relevant. Woo Won Choi, 55 Wash.App. at 904, 781 P.2d 505. Courts have not required an extended colloquy on the record. Stegall, 124 Wash.2d at 725, 881 P.2d 979; State v. Brand, 55 Wash.App. 780, 785, 780 P.2d 894 (1989). Instead, Washington requires only a *614 personal expression of waiver from the defendant. Stegall, 124 Wash.2d at 725, 881 P.2d 979.
¶ 18 Washington's rule on jury trial waiver contrasts with the rules for waiving other rights. For example, when a defendant wishes to waive the right to counsel and proceed pro se, the trial court must usually undertake a full colloquy with the defendant on the record to establish that the defendant knows the relative advantages and disadvantages of proceeding pro se. Stegall, 124 Wash.2d at 725, 881 P.2d 979. A guilty plea, which involves waiving numerous trial rights, is valid if the record shows not only a voluntary and intelligent waiver, but also an understanding of the waiver's direct consequences. Stegall, 124 Wash.2d at 725, 881 P.2d 979.
¶ 19 The right to jury trial, like the right to remain silent and the right to confront witnesses, is treated differently and is easier to waive. See Brand, 55 Wash.App. at 786, 780 P.2d 894. The trial strategy of any particular case may perhaps dictate the waiver of one or more of these rights while still preserving to the accused the right to a fair trial. Brand, 55 Wash.App. at 786, 780 P.2d 894. For example, competent defendants and experienced counsel may have good reasons to waive a jury trial, believing that their defense would be better understood and evaluated by a judge than by jurors who may be less sympathetic to technical legal contentions. Brand, 55 Wash.App. at 786-87, 780 P.2d 894.

C. Analysis
¶ 20 We hold that Pierce validly waived his jury trial right. He received the advice of counsel and submitted his waiver in writing. The court informed Pierce that he had the right to a unanimous verdict by 12 people. Pierce knew that by waiving this right, only the judge would decide his case. He told the court that he understood his jury trial right and was waiving it freely and voluntarily.
¶ 21 Pierce does not claim on appeal that his waiver was somehow involuntary or that he lacked knowledge of its direct consequences. As described above, the record reflects that the court explained to Pierce the essence of his jury trial right. Pierce never waived his right to be presumed innocent until proven guilty beyond a reasonable doubt or his right to an impartial trier of fact because these rights are inherent in all trials. See State v. Sanders, 66 Wash.App. 380, 387, 832 P.2d 1326 (1992) (right to an impartial trier of fact); State v. Orange, 78 Wash.2d 571, 573, 478 P.2d 220 (1970) (right to proof beyond a reasonable doubt). The only right unique to jury trials that the court did not specifically explain to Pierce was his right to participate in juror selection. He does not explain why he might have thought that he could not be involved this part of the trial. Furthermore, Pierce cites no legal authority saying that the court had to inform him of his right to participate in juror selection before he could validly waive his jury trial right. More importantly, he cites no authority saying that the information the court gave him was insufficient. Therefore, we hold that Pierce had enough information to validly waive his jury trial right.
¶ 22 We also hold that no Gunwall analysis is necessary to decide this case. Gunwall addresses the extent of a right and not how the right in question may be waived. See Gunwall, 106 Wash.2d at 58, 720 P.2d 808. The issue here is waiver. Although Washington's constitutional right to a jury trial is more expansive than the federal right, it does not automatically follow that additional safeguards are required before a more expansive right may be waived. See Brand, 55 Wash. App. at 785, 780 P.2d 894 (an accused's various constitutional rights are accorded different procedural safeguards). Furthermore, even if additional precautions are necessary, Pierce's waiver was valid given the two judges' colloquies.

II. FIREARM ENHANCEMENT
¶ 23 Pierce claims that the trial court erred in imposing an 18-month firearm enhancement when he was charged and convicted of only a more general deadly weapon enhancement.
¶ 24 The State concedes that the trial court erred in imposing additional time commensurate with a firearm enhancement where only *615 a deadly weapon enhancement was alleged in the information. Therefore, we accept the State's concession and remand for resentencing based on the deadly weapon enhancement.

III. UNWITTING POSSESSION OF METHAMPHETAMINE
¶ 25 In a pro se statement of additional grounds for review (SAG),[5] Pierce claims that the trial court erred in not accepting his claim that he unwittingly possessed the methamphetamine. Pierce claims that the court misunderstood his testimony as to how long he was charging his cell phone and that if the court understood the testimony about the timing, it would have been more likely to believe Pierce's story about inadvertently discovering the drugs in the cell phone he just bought.
¶ 26 In a prosecution for unlawful possession, the State must establish two elements: the nature of the substance and the fact of possession by the defendant. State v. Staley, 123 Wash.2d 794, 798, 872 P.2d 502 (1994). The State is not required to prove either knowledge or intent to possess, nor knowledge as to the nature of the substance for a charge of simple possession. Staley, 123 Wash.2d at 799, 872 P.2d 502. Once the State establishes prima facie evidence of possession, the defendant may affirmatively assert that his possession of the drug was unwitting, acquired by lawful means in a lawful manner, or was otherwise excusable under the statute. Staley, 123 Wash.2d at 799, 872 P.2d 502. The defendant bears the burden of proving unwitting or lawful possession. State v. Adame, 56 Wash.App. 803, 807, 785 P.2d 1144 (1990).
¶ 27 Here, Pierce's unwitting possession claim hinged on his credibility. In matters involving a witness's credibility, we defer to the trial court, which had the opportunity to evaluate the witness's demeanor below. State v. Swan, 114 Wash.2d 613, 666, 790 P.2d 610 (1990). We review the trial court's inferences and conclusions but not its findings as to credibility or the weight to be given evidence. Swan, 114 Wash.2d at 666, 790 P.2d 610.
¶ 28 In this case, the trial court found that Pierce's unwitting possession claim was not credible. The specifics about how long the cell phone was charging are less important than the trial court's overall assessment that Pierce's story was not believable. The trial court also had Mauermann's testimony about Pierce's confession and apparently it found that testimony more believable. We will not set aside the trial court's credibility determination.
¶ 29 Affirmed conviction, but remanded for resentencing.
We concur: BRIDGEWATER and HUNT, JJ.
NOTES
[1] Those criteria are: (1) the textual language of the state constitution; (2) significant differences in the texts of parallel provisions of the federal and state constitutions; (3) state constitutional and common law history; (4) preexisting state law; (5) differences in structure between the federal and state constitutions; and (6) whether the matter is of particular state interest or local concern. Gunwall, 106 Wash.2d at 61-62, 720 P.2d 808.
[2] The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto. Wash. const. art. I, § 21.
[3] In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases. Wash. const. art. I, § 22.
[4] "Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court." CrR 6.1(a).
[5] RAP 10.10.