FILED
COURT OF APPEALS
DIVISION II

2013 JUN 11 AM 10: 38

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42420-7-II |
| Respondent, | |
| v. | |
| TALYN K.J. BENITEZ, | PUBLISHED OPINION |
| Appellant. | |

QUINN-BRINTNALL, J. — After Talyn Benitez waived his right to a jury trial, the trial court found him guilty of felony indecent exposure. Benitez argues that the charge could not have been elevated to a felony because his prior conviction was a juvenile offense rather than an adult felony conviction and that under the law of the case doctrine, the State was required to prove that Benitez exposed himself to another. Benitez also argues that under *Gunwall*,[1] the right to a jury trial under the Washington State Constitution is broader than the right under the United States Constitution and cannot be waived, rendering Benitez's bench trial unconstitutional or, alternatively, that his jury trial waiver was invalid because he was not fully informed of his right to a jury trial prior to waiving it. We hold that the plain language of the indecent exposure statute includes juvenile adjudications for sex offenses that are classified as

---

[1] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

felonies and there was sufficient evidence to support the trial court's guilty verdict. In addition, we hold that bench trials are constitutional and that Benitez's jury trial waiver was valid. We affirm.

FACTS

On March 27, 2011, Scott Miller was doing yard work with James Shawyer and Brian Smith. At one point, Miller went out to the public access alley behind his house. In the alley, Miller observed Benitez leaning against a tree and looking into the adjacent yard where two young children were playing. Miller could see Benitez "physically masturbating with his genitals in his hand." Report of Proceedings (RP) (May 24, 2011) at 17-18. When Benitez began to leave the alleyway, Miller asked him to stop and wait on the porch step while he called the police. Officer Nicholas Fosse of the Montesano Police Department responded to Miller's call and arrested Benitez.

On May 9, 2011, the State filed an amended information charging Benitez with indecent exposure. The amended information alleged

> [t]hat the said defendant, TALYN K. J. BENITEZ, in Grays Harbor County, Washington, on or about March 27, 2011, did intentionally make an open and obscene exposure of his person to another, knowing that such conduct was likely to cause reasonable affront or alarm and the defendant having previously been convicted of child molestation in the first degree, Grays Harbor Juvenile Court cause number 09-8-150-1; a sex offense as defined in RCW 9.94A.030.

Clerk's Papers (CP) (Oct. 6, 2011) at 1. Benitez's prior conviction elevated the indecent exposure charge from a misdemeanor to a felony. The State also alleged two aggravating factors: (1) The defendant committed the offense for the purpose of his sexual gratification and (2) the defendant committed the offense shortly after being released from incarceration.

On May 11, 2011, Benitez waived his right to a jury trial. The written waiver informed Benitez that he had the right to a jury of 12 citizens and that the State was required to "convince all of the twelve citizens (the jurors) of [his] guilt beyond a reasonable doubt." Suppl. CP at 32. Benitez's defense counsel also signed the waiver that stated that he had discussed the right to a jury trial with Benitez and that he believed Benitez was waiving the right to a jury trial voluntarily, knowingly, and intelligently. The trial court reviewed the waiver with Benitez before accepting it.

A bench trial was held on May 24, 2011. Miller and Officer Fosse both testified. Shawyer also testified that he observed Benitez leaving the alleyway. The State introduced a certified copy of Benitez's juvenile adjudication for first degree child molestation. The State also introduced a certified copy of jail records documenting Benitez's release from jail on January 9, 2011.[2] Benitez testified that he was walking home from the bus station and had not been in the alleyway.

The trial court found Benitez guilty of felony indecent exposure. The trial court also found that Benitez committed the crime for the purpose of sexual gratification and shortly after he was released from incarceration. The trial court entered written findings of fact and conclusions of law on May 31, 2011. The trial court sentenced Benitez to an exceptional

---

[2] The exhibit that was introduced has not been designated as part of the record on appeal, so the date of Benitez's release is taken from the trial court's findings of fact. Benitez does not challenge the sufficiency of the evidence supporting the trial court's finding regarding the date of his release or the conclusion that Benitez committed the offense shortly after being released from incarceration. As unchallenged findings of fact are verities on appeal, we accept the trial court's finding concerning Benitez's release date. *See State v. Lorenz*, 152 Wn.2d 22, 30, 93 P.3d 133 (2004).

No. 42420-7-II

sentence of 36 months, which included the mandatory 12-month sexual motivation enhancement. Benitez timely appeals.[3]

## ANALYSIS

SUFFICIENCY OF THE EVIDENCE

Benitez presents two arguments contending that insufficient evidence supports the trial court's guilty verdict. First, Benitez argues that the indecent exposure charge should not have been elevated to a felony because a juvenile adjudication of guilt for first degree child molestation is not a felony conviction. Second, Benitez argues that the law of the case doctrine requires the State to prove all elements alleged in the information. In this case, the information included the language "to another," and Benitez alleges that the State failed to present sufficient evidence to prove that he exposed himself "to another." Because the definition of "conviction" expressly includes juvenile adjudications, Benitez's juvenile adjudication for first degree child molestation elevates the indecent exposure charge to a felony. Furthermore, the law of the case doctrine does not apply to bench trials and the State presented sufficient evidence to prove the statutory elements of indecent exposure.

JUVENILE ADJUDICATION

Under RCW 9A.88.010(2)(c), an indecent exposure charge is elevated from a misdemeanor to a felony if the defendant "has previously been convicted . . . of a sex offense as defined in RCW 9.94A.030." Under former RCW 9.94A.030(45)(a)(i) (2010), a sex offense is defined as "[a] felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.132."

---

[3] Benitez's appeal was originally consolidated with his appeal on another case (cause no. 42644-7-II). On April 9, 2012, a commissioner of this court granted Benitez's motion to dismiss cause no. 42644-7-II.

Benitez argues that because a juvenile offense is not a felony, Benitez's juvenile adjudication "does not qualify as a 'sex offense' for purposes of indecent exposure." Br. of Appellant at 7. But Benitez misreads the indecent exposure statute and his claim fails.

Under RCW 9.94A.030(9), a conviction is "an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." Title 13 governs juvenile courts and juvenile offenders. When the definitions of both "conviction" and "sex offense" are used, the indecent exposure statute would read: Indecent exposure is a class C felony if the person has a previous adjudication of guilt pursuant to Title 10 or 13 RCW . . . of a felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.132. RCW 9A.88.010(2)(c). Therefore, the State is required to prove that (1) Benitez had an adjudication of guilt under either Title 10 or 13 RCW and (2) the offense is classified as a felony under ch. 9A.44 RCW. RCW 9.94A.030(9); former RCW 9.94A.030(45)(a)(1).

The State presented a certified copy of Benitez's juvenile adjudication which proves he pleaded guilty to first degree child molestation. First degree child molestation is a class A felony. RCW 9A.44.083(2). Therefore, Benitez's juvenile adjudication is a "conviction" under RCW 9.94A.030(9) and first degree child molestation is a "sex offense" under former RCW 9.94A.030(45)(a)(i). Accordingly, the State presented sufficient evidence to prove that Benitez's indecent exposure charge was elevated from a misdemeanor to a felony under RCW 9A.88.010(2)(c).

LAW OF THE CASE DOCTRINE

Benitez also challenges the sufficiency of the evidence proving that he exposed himself "to another." Although the element of exposing oneself "to another" is not a statutory element of the crime of indecent exposure, Benitez argues that the State was required to prove this

additional element because it was included in the information.[4] But contrary to Benitez's assertion, the law of the case doctrine does not apply to bench trials. Therefore, the State is required to have presented sufficient evidence to prove only the statutory elements of the crime. Because Benitez challenges the sufficiency of the evidence proving that he exposed himself to another and the State was not required to prove this element, Benitez's second sufficiency of the evidence claim fails.

Benitez argues that based on *State v. Hickman*, 135 Wn.2d 97, 101-03, 954 P.2d 900 (1998), the information became the law of the case and the State was required to prove the additional element of exposing oneself to another. In *Hickman*, our Supreme Court held that if the parties do not object to jury instructions, the jury instructions become the law of the case. 135 Wn.2d at 102. In a criminal case, if the State adds an unnecessary element in the "to convict" instruction without objection, the State assumes the burden of proving the added element. *Hickman*, 135 Wn.2d at 102.

But the law of the case doctrine applies to jury instructions, not bench trials. *State v. McGary*, 37 Wn. App. 856, 860, 683 P.2d 1125, *review denied*, 102 Wn.2d 1024 (1984). Division One of this court specifically addressed this issue in *State v. Hawthorne*, 48 Wn. App. 23, 27, 737 P.2d 717 (1987). In *Hawthorne*, the court rejected the contention that the law of the case doctrine applies to bench trials. 48 Wn. App. at 27. Therefore, the State was required to prove only the statutory elements of the crime charged. *Hawthorne*, 48 Wn. App. at 27; *see also State v. Munson*, 120 Wn. App. 103, 107, 83 P.3d 1057 (2004) (law of the case doctrine does not

---

[4] RCW 9A.88.010(1) states, "A person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm."

apply to bench trials, therefore the State is not required to prove all the alternatives alleged in the information); *State v. Hobbs*, 71 Wn. App. 419, 423, 859 P.2d 73 (1993) (additional elements in the information "need not be carried over into the 'to convict' instruction or proved beyond a reasonable doubt if there is a bench trial").

Moreover, applying the law of the case doctrine to an information is contrary to the information's purpose. In the information, the prosecutor may allege "that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." CrR 2.1(a)(1). The purpose of the information is to give the defendant sufficient notice to adequately prepare a defense. *State v. Tandecki*, 153 Wn.2d 842, 847, 109 P.3d 398 (2005). But jury instructions serve a different purpose. "[B]ecause the purpose of jury instructions is to instruct the jury on the applicable law, they 'must necessarily contain more complete and precise statements of the law than are required in an information' or charging document."[5] *State v. Rivas*, 168 Wn. App. 882, 891-92, 278 P.3d 686 (2012) (quoting *State v. Borrero*, 97 Wn. App. 101, 107, 982 P.2d 1187 (1999), *remanded*, 141 Wn.2d 1010 (2000)), *review denied*, 176 Wn.2d 1007 (2013). Because an information does not need to contain the same level of specificity as jury instructions and it is not intended to provide a precise statement of the law, it would defeat the purpose of the information if we applied the same rules to an information as we apply to jury instructions.

Benitez recognizes that the current case law limits the law of the case doctrine to jury instructions. But he argues that refusing to apply the law of the case doctrine to bench trials violates equal protection. Benitez asserts,

---

[5] A defendant may request additional specificity by filing a motion for a bill of particulars. CrR 2.1(c).

> Failure to apply the "law of the case" doctrine to bench trials violates equal protection; there is no rational basis to deny the benefit of the rule to defendants who waive their right to a jury, or to juvenile offenders (whose cases are always tried to the court).

Br. of Appellant at 9. For the reasons we explained above, jury instructions and informations serve different purposes. Therefore, we disagree with Benitez's assertion that "there is no reason [the law of the case doctrine] can't be applied when the accused person submits her or his case to a judge." Br. of Appellant at 9.

Benitez also cites *State v. Smith*, 117 Wn.2d 263, 279, 814 P.2d 652 (1991), to support his equal protection argument. But *Smith* addresses the State's ability to seek review of nondispositive rulings by a juvenile court commissioner. *Smith* does not support Benitez's proposition. Instead, Benitez's proposition is contrary to all of the controlling authority. Accordingly, Benitez's equal protection claim fails.

Because Benitez does not challenge the sufficiency of the evidence supporting the trial court's findings on any of the statutory elements of the charged crime, his sufficiency of the evidence claim fails.

CONSTITUTIONALITY OF JURY TRIAL WAIVER

Benitez argues that under article I, section 21 of the Washington Constitution, a criminal defendant may never waive a jury trial. Benitez argues that the six *Gunwall* factors "suggests that all felony cases in Washington must be tried to a jury, regardless of the parties' wishes." Br. of Appellant at 11. But Benitez misapplies *Gunwall* in this context because *Gunwall* determines the scope, not the waiver, of a constitutional right. Accordingly, we reject Benitez's argument that a *Gunwall* analysis suggests that a defendant may never waive the right to a jury trial.

We review constitutional issues de novo. *State v. Castro*, 141 Wn. App. 485, 490, 170 P.3d 78 (2007). Article I, section 21 provides,

> The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

Article I, section 22 also provides,

> In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed.

According to Benitez, when the *Gunwall* factors are applied to these provisions, the analysis will show that all felony cases must be tried to a jury regardless of the defendant's wishes.

But Benitez's reliance on *Gunwall* is misplaced. *Gunwall* addresses "the extent of a right and not how the right in question may be waived." *State v. Pierce*, 134 Wn. App. 763, 773, 142 P.3d 610 (2006). In *Pierce*, this court explained that although Washington's constitutional right is more expansive than the federal right, it does not follow that additional safeguards are required to validly waive the more expansive right. 134 Wn. App. at 773. Thus, the extent of protection offered under the Washington constitution has no bearing on the legal standard for waiving the right. *Pierce*, 134 Wn. App. at 773. Accordingly, a *Gunwall* analysis does not apply to the issue of waiver of a state or federal constitutional right. *Pierce*, 134 Wn. App. at 773.

Washington law allows a defendant to waive a jury trial. *State v. Stegall*, 124 Wn.2d 719, 723, 881 P.2d 979 (1994); *see also State v. Forza*, 70 Wn.2d 69, 70-71, 422 P.2d 475 (1966) (right to a jury trial is subject to a knowing, intentional, and voluntary waiver); *State v. Lane*, 40 Wn.2d 734, 737, 246 P.2d 474 (1952) (a defendant may waive a 12-person jury and

submit the case to an 11-person jury). Benitez's argument that the Washington State Constitution prohibits a defendant from waiving a jury trial fails.

VALIDITY OF JURY TRIAL WAIVER

Benitez also argues that if the right to a jury trial may be waived, his jury trial waiver was invalid. Benitez contends that because the Washington State constitutional right to a jury trial is broader than the federal right, a *Gunwall* analysis must be used to determine whether more extensive protections are required to waive the right. Benitez recognizes that we rejected the same argument in *Pierce*, but he argues that *Pierce* was wrongly decided and we should overturn it. Benitez has offered no persuasive authority for us to reject our analysis in *Pierce* and under the standard articulated in *Pierce*, Benitez's waiver was valid. Accordingly, his argument fails.

Benitez argues that *Pierce* was wrongly decided and should be abandoned because there is Washington Supreme Court precedent applying *Gunwall* to determine the validity of a defendant's waiver of a state constitutional right. Benitez's argument is unpersuasive. The Supreme Court authority Benitez claims is contrary to *Pierce* is unrelated to waiver of a jury trial right. *State v. Thomas*, 128 Wn.2d 553, 562, 910 P.2d 475 (1996), did not apply *Gunwall* to determine the protections required for a valid waiver but rather rejected the defendant's argument that *Gunwall* applied because the defendant's briefing was inadequate.

*State v. Dodd*, 120 Wn.2d 1, 20-21, 838 P.2d 86 (1992), was a death penalty case. *State v. Earls*, 116 Wn.2d 364, 374-78, 805 P.2d 211 (1991), and *State v. Medlock*, 86 Wn. App. 89, 98-99, 935 P.2d 693, *review denied*, 133 Wn.2d 1012 (1997), addressed waiver of the right to counsel. But Washington's rules on jury trial waiver are different than the rules for waiving other constitutional rights, such as the right to counsel. *Pierce*, 134 Wn. App. at 771-72 (citing *Stegall*, 124 Wn.2d at 725). Benitez has offered no argument or authority in support of the

contention that we should reconsider *Pierce* in light of Supreme Court precedent addressing the waiver of the right to appeal a death sentence and the right to counsel, two rights which have traditionally been afforded more protection by Washington courts. Accordingly, the Supreme Court precedent cited by Benitez is not persuasive authority for reconsidering the holding in *Pierce*.

We review a jury trial waiver de novo. *State v. Ramirez-Dominguez*, 140 Wn. App. 233, 239, 165 P.3d 391 (2007). The record must adequately establish that the defendant waived his right knowingly, intelligently, and voluntarily. *Pierce*, 134 Wn. App. at 771. A written waiver "is strong evidence that the defendant validly waived the jury trial right." *Pierce*, 134 Wn. App. at 771. An attorney's representation that the defendant's waiver is knowing, intelligent, and voluntary is also relevant. *Pierce*, 134 Wn. App. at 771 (citing *State v. Woo Won Choi*, 55 Wn. App. 895, 904, 781 P.2d 505 (1989), *review denied*, 114 Wn.2d 1002 (1990)). Washington law does not require an extensive colloquy on the record; instead "only a personal expression of waiver from the defendant" is required. *Pierce*, 134 Wn. App. at 771 (citing *Stegall*, 124 Wn.2d at 725). As a result, the right to a jury trial is easier to waive than other constitutional rights. *Pierce*, 134 Wn. App. at 772 (citing *State v. Brand*, 55 Wn. App. 780, 786, 780 P.2d 894 (1989), *review denied*, 114 Wn.2d 1002 (1990)).

Here, Benitez was informed that he had the right to have a jury of 12 citizens determine his guilt and that the State was required to convince all 12 jurors of guilt beyond a reasonable doubt. Benitez's attorney stated that he reviewed the jury trial right with Benitez. Defense counsel also certified that he "believe[d] [Benitez's] waiver of a trial by jury and agreement to be

tried by a judge is voluntarily, knowingly and intelligently made." Suppl. CP at 32. The trial judge confirmed that Benitez could read and write and that he had read the jury trial waiver. He also reviewed the language in the waiver with Benitez. Based on this record, we hold that Benitez's waiver was knowingly, intelligently, and voluntarily made.

Benitez argues that he was insufficiently apprised of his rights because "[t]he record does not contain affirmative evidence establishing that [Benitez] understood he would have the opportunity to help select the jury, that he had the right to a fair and impartial jury, and that he would be presumed innocent by the jury unless proven guilty at trial." Br. of Appellant at 29. But we have not required that a defendant be apprised of every aspect of the jury trial right in order for the defendant's waiver to be valid. *Pierce*, 134 Wn. App. at 773. Benitez was not required to be informed of "his right to be presumed innocent until proven guilty beyond a reasonable doubt or his right to an impartial trier of fact because these rights are inherent in all trials" and are not waived by waiving the right to a jury trial. *Pierce*, 134 Wn. App. at 772 (citing *State v. Sanders*, 66 Wn. App. 380, 387, 832 P.2d 1326 (1992); *State v. Orange*, 78 Wn.2d 571, 573, 478 P.2d 220 (1970)). Therefore, the only right Benitez was not informed of was his right to participate in jury selection. *Pierce* explicitly rejected the contention that a defendant is required to be informed of the right to participate in jury selection in order for the jury trial waiver to be valid. 134 Wn. App. at 773. Accordingly, Benitez's jury trial waiver is valid.

No. 42420-7-II

Sufficient evidence supports the trial court's guilty verdict and we reject Benitez's arguments that (1) bench trials are unconstitutional and (2) Benitez's jury trial waiver was invalid. Accordingly, we affirm.

QUINN-BRINTNALL, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

13