# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 69268-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| RYAN CHRISTOPHER TERRY, | UNPUBLISHED OPINION |
| Appellant. | FILED: November 12, 2013 |

LEACH, C.J. — Ryan Terry appeals his conviction for possession of a controlled substance. He challenges the trial court's denial of his motion to suppress evidence seized during a search incident to his arrest, claiming that police officers improperly relied on information from an anonymous informant to establish probable cause for his arrest. Because police had probable cause to arrest Terry even if they did not consider the information received from the informant, we affirm.

## Background

In May 2010, Darcy Mulrooney sold her 1993 Nissan Pathfinder to Lance Schneider. In July 2010, Schneider damaged the Pathfinder's engine, leaving the car inoperable, and left the car on Mulrooney's property in Bellevue. Around that time, Mulrooney saw Schneider working on the Pathfinder's engine.

On August 3, 2010, Elizabeth Usarzewicz reported that someone stole her 1993 Nissan Pathfinder. In early August, Mulrooney saw Terry and Schneider unload a car engine from a truck and move it into the back of Schneider's Pathfinder. On August 10, Detective Christiansen saw a car motor in the back of Schneider's Pathfinder.

On August 11, 2010, Snohomish County Sheriff Deputy Haley responded to a report of a vehicle prowl at a Monroe residence. An anonymous community member told him that Terry had been at the Monroe residence and left at a high rate of speed just before Haley arrived on the scene. Haley recovered Usarzewicz's stolen Pathfinder at the Monroe residence with the engine, front fenders, and front bumper missing.[1] The Monroe residence was listed as Terry's residential address during previous bookings at the King County jail, and police received information that Terry rented this property as recently as January 2010.

On August 16, 2010, police officers arrested Schneider while he was driving his Pathfinder. At the time of this arrest, Terry was a passenger in Schneider's car. When police arrested Schneider, an officer found a car audio amplifier, a reciprocating saw, and a heavy-duty jack, all of which had obscured serial numbers, inside Schneider's car.

On October 3, police once again arrested Schneider. After obtaining a search warrant for the engine in Schneider's Pathfinder, Christiansen saw a fresh

---

[1] Although the parties disputed that Deputy Haley discovered Usarzewicz's stolen Pathfinder on August 11, 2010, they stipulated to the police report containing this statement.

weld over the serial number that obscured all but the first two letters. These two letters matched the first two letters in the serial number for Usarzewicz's stolen engine. Christiansen determined that the motor needed to be outside of the car to place the weld over the serial number.

A community member told police that Schneider traded his Pathfinder for a Saab in early September. Schneider told a number of people, including the Saab's owner, that he installed a new engine in the Pathfinder in August. After learning this information, police went to the address of the Saab's registered owner and saw Schneider's old Pathfinder.

On October 15, 2010, Christiansen arrested Schneider for trafficking in stolen property for the engine in his old Pathfinder. When Christiansen arrested him, Schneider said, "Who ratted on me?" and also said that he was "not the only one involved in this." On October 22, Deputy Hansmann arrested Terry. During a search incident to Terry's arrest, he found suspected methamphetamine. The State charged Terry with possession of methamphetamine.

On May 18, 2012, Terry filed a CrR 3.6 motion to suppress the methamphetamine evidence, claiming that the State did not have probable cause to arrest him, making the subsequent search of his person unlawful. After a hearing, the court denied this motion, finding that probable cause existed to arrest Terry for stolen property. Following a stipulated bench trial, the court found Terry guilty of possession of a controlled substance and imposed a standard range sentence.

Terry appeals.

## Analysis

Terry claims that the trial court erred in denying his motion to suppress the evidence seized incident to his arrest because police officers lacked probable cause to arrest him. More specifically, he argues that the officers impermissibly relied upon an anonymous informant's statement that placed Terry at the stolen vehicle's location.

We review a police officer's determination of probable cause as a mixed question of law and fact.[2] We first review the findings of fact related to a motion to suppress under the substantial evidence standard.[3] Because Terry challenges none of the trial court's findings of fact, they are verities on appeal.[4] We then decide if the facts support the legal conclusion—probable cause.[5] "We review conclusions of law pertaining to suppression of evidence de novo."[6]

We apply the test in Aguilar v. Texas[7] and Spinelli v. United States[8] to determine if an informant's tip can establish probable cause to arrest.[9] Under

---

[2] City of College Place v. Staudenmaier, 110 Wn. App. 841, 846, 43 P.3d 43 (2002) (citing State v. Vasquez, 109 Wn. App. 310, 34 P.3d 1255 (2001)).

[3] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006) (citing State v. Mendez, 137 Wn.2d 208, 214, 970 P.2d 722 (1999)).

[4] State v. Benitez, 175 Wn. App. 116, 121 n.2, 302 P.3d 877 (2013) (citing State v. Lorenz, 152 Wn.2d 22, 30, 93 P.3d 133 (2004)).

[5] Staudenmaier, 110 Wn. App. at 846.

[6] Levy, 156 Wn.2d at 733 (citing Mendez, 137 Wn.2d at 214).

[7] 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964).

[8] 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

[9] State v. Gaddy, 152 Wn.2d 64, 71, 93 P.3d 872 (2004). Although the United States Supreme Court rejected the Aguilar/Spinelli test for the "totality-of-the-circumstances" test in Illinois v. Gates, 462 U.S. 213, 230, 103 S. Ct. 2317,

this test, the State must establish (1) the basis of the informant's information and (2) the informant's credibility or the reliability of the informant's information.[10]

Probable cause to arrest exists when an officer is aware of facts and circumstances that would lead a reasonable person to believe that a crime has been committed.[11] This determination is based upon the totality of facts and circumstances within the arresting officer's knowledge.[12] "'The standard of probable cause . . . is to be applied in the light of everyday experience, rather than according to strict legal formulae.'"[13]

Terry claims that the State established neither the informant's basis of knowledge nor the informant's reliability. Here, the informant told Haley that before Haley arrived, Terry was at the Monroe residence and left at a high rate of speed. But even if police did not consider this evidence, the facts and circumstances would lead a reasonable police officer to believe that Terry possessed Usarzewicz's stolen engine. Usarzewicz reported her Pathfinder stolen in early August. Police had information associating Terry with the Monroe residence where they found the stolen Pathfinder without its engine. The day before police recovered the Pathfinder, Christiansen saw a car engine in the

---

76 L. Ed. 2d 527 (1983), we still adhere to the Aguilar/Spinelli informant test. See State v. Jackson, 102 Wn.2d 432, 443, 688 P.2d 136 (1984).

[10] Gaddy, 152 Wn.2d at 71-72 (citing State v. Cole, 128 Wn.2d 262, 287, 906 P.2d 925 (1995)).

[11] State v. Graham, 130 Wn.2d 711, 724, 927 P.2d 227 (1996) (quoting State v. Terrovona, 105 Wn.2d 632, 643, 716 P.2d 295 (1986)).

[12] State v. Scott, 93 Wn.2d 7, 11, 604 P.2d 943 (1980).

[13] Scott, 93 Wn.2d at 11 (alteration in original) (quoting State v. Baxter, 68 Wn.2d 416, 420 P.2d 638, 641 (1966)).

back of Schneider's car. The first two letters of the serial number on the engine in Schneider's car matched the first two letters on the engine removed from Usarzewicz's Pathfinder. Furthermore, Schneider told numerous people, including the Saab owner, that he installed a new engine in the car. Police also had information that Terry associated with Schneider. In early August, Mulrooney saw Terry help Schneider move a car engine into Schneider's car. Additionally, Terry was a passenger in Schneider's car when police arrested Schneider and recovered items with obscured serial numbers. These facts, coupled with Schneider's statement to Christiansen that he was "not the only one involved in this," would lead a reasonable person to believe that Terry committed a crime.

Terry also alleges that police could not rely upon his presence in Schneider's car to establish probable cause for his arrest because he did not have constructive possession of the three items found with obscured serial numbers inside Schneider's car. But police arrested Terry for possessing the stolen engine, not these three items. Terry's mere presence in Schneider's car at the time of Schneider's arrest shows his association with Schneider. Because the police did not rely upon Terry's possession of the three items found with obscured serial numbers in Schneider's car to establish probable cause for his arrest for possession of stolen property, his argument fails.

## Conclusion

Because the trial court's findings of fact support its legal conclusion that police had probable cause to arrest Terry for possession of stolen property, the trial court properly denied Terry's motion to suppress the methamphetamine seized during a search incident to his arrest. We affirm.

_Leach, C. J._

WE CONCUR:

_Appelwick, J._          _Cox, J._