# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 70602-1-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| DAVID MICHAEL JOHNSON, | |
| Appellant. | FILED: September 22, 2014 |

APPELWICK, J. — Johnson appeals his conviction for felony harassment of a criminal justice participant. He argues that his charging document omitted an essential element of the crime. We affirm.

## FACTS

The State charged Johnson with two counts of felony harassment of a criminal justice participant in violation of RCW 9A.46.020(1) and (2)(b). The charging document stated as follows:

> HARASSMENT, committed as follows: That the defendant, on or about the 11th day of August, 2011, without lawful authority, knowingly threatened to cause bodily injury to another and maliciously to do any other act which was intended to substantially harm another with respect to his or her physical health and safety and the person threatened was a criminal justice participant, to-wit: [victims' names], who were performing their official duties at the time the threat was made, and the defendant's words or conduct did place such criminal justice participants in fear that the threat would be carried out, and a reasonable criminal justice participant would have been in fear under all the circumstances that the threat would be carried out; proscribed by RCW 9A.46.020(1) and (2)(b), a felony.

The jury found Johnson guilty on both counts. Johnson appeals.

2014 SEP 22 AM 10: 35
COURT OF APPEALS DIV I
STATE OF WASHINGTON

## DISCUSSION

We review challenges to the sufficiency of a charging document de novo. State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). To be constitutionally adequate, a charging document must include all essential elements of the crime. State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). The primary purpose of this rule is to give defendants sufficient notice of the charges against them so they can prepare an adequate defense. Id. at 101. Where, as here, the appellant challenges a charging document for the first time on appeal, we construe the document liberally, in favor of its validity. Id. at 103.

A person is guilty of harassment if, without lawful authority, the person knowingly threatens to "cause bodily injury immediately or in the future to the person threatened or to any other person." RCW 9A.46.020(1)(a)(i). Harassment is elevated from a gross misdemeanor to a felony if any of the following apply:

> (i) The person has previously been convicted in this or any other state of any crime of harassment, as defined in RCW 9A.46.060, of the same victim or members of the victim's family or household or any person specifically named in a no-contact or no-harassment order; (ii) the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person; (iii) <u>the person harasses a criminal justice participant who is performing his or her official duties at the time the threat is made</u>; or (iv) the person harasses a criminal justice participant because of an action taken or decision made by the criminal justice participant during the performance of his or her official duties. <u>For the purposes of (b)(iii) and (iv) of this subsection, the fear from the threat must be a fear that a reasonable criminal justice participant would have under all the circumstances. Threatening words do not constitute harassment if it is apparent to the criminal justice participant that the person does not have the present and future ability to carry out the threat</u>.

RCW 9A.46.020(2)(b) (emphasis added).

Johnson argues that his charging document was insufficient, because it omits the essential element that "it was not apparent to the criminal justice participant that [Johnson] lacked the present and future ability to carry out the threat." The State counters that the charging document encompasses that element with the language that "a reasonable criminal justice participant would have been in fear under all the circumstances that the threat would be carried out." Johnson disputes that the two phrases bear the same meaning.[1] He maintains that whether a victim perceives the ability to carry out a threat is different than whether a victim feels fear from the threat.

We agree with the State. The charging document language states that a victim must reasonably fear that the threat will be carried out. The statutory language provides that a victim's fear is not reasonable if it is apparent the threat cannot be carried out. RCW 9A.46.020(2)(b). The statutory language is not an element to be proved. It is stated in the negative and, if demonstrated, negates the element of reasonable fear.

Johnson further alleges that the charging document "expresses futurity" with the phrase "'the threat would be carried out.'" (Emphasis added.) Accordingly, he asserts, the charging document does not encompass the requirement that it be apparent Johnson had the present ability to carry out the threat. This is a strained interpretation inconsistent with our liberal construction of the charging document. See Kjorsvik, 117 Wn.2d at 103. A threat inherently precedes the act of carrying out that threat. The phrase "would be carried out" reflects this intrinsic timeline.

---

[1] In disputing the State's position, Johnson argues that it "renders the [statutory] language superfluous." Despite this characterization, the thrust of his argument is that the two phrases have distinct meanings.

3

Finally, Johnson notes that the "to convict" instruction mirrors the statutory language. This seems to imply that jury instructions reflect the language that must appear in a charging document. But, as the State observes, "'the purpose of jury instructions is to instruct the jury on the applicable law, so they must necessarily contain more complete and precise statements of the law than are required in an information or charging document.'" State v. Benitez, 175 Wn. App. 116, 124-25, 302 P.3d 877 (2013) (internal quotation marks omitted) (quoting State v. Rivas, 168 Wn. App. 882, 891-92, 278 P.3d 686 (2012), review denied, 176 Wn.2d 1007, 297 P.3d 68 (2013)).

The charging document gave Johnson adequate notice of the charges against him. We affirm.

WE CONCUR: