IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57297-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOSHUA B. BENSINGER, | |
| Appellant. | |

MAXA, P.J. – Joshua Bensinger appeals his conviction of second degree rape - domestic violence following a bench trial. Before trial began, Bensinger waived his right to a jury trial. He signed a written waiver in which he stated that he had discussed the issue with his attorney, and then orally confirmed the waiver after engaging in a brief colloquy with the trial court.

Bensinger argues that his waiver was invalid because he was not fully informed of the nature of the right to a jury trial, including that he could participate in jury selection. We hold that Bensinger's jury waiver was valid. Accordingly, we affirm his conviction.

FACTS

*Background*

After an incident between Bensinger and his former girlfriend, the State charged Bensinger with second degree rape - domestic violence.

Before jury selection started, Bensinger's attorney stated that he had spoken with Bensinger about his right to a jury trial and Bensinger stated that he wanted a bench trial. Both Bensinger and his attorney signed a waiver of jury trial, and the attorney stated that he had discussed the waiver form with Bensinger. The waiver stated,

> My attorney and I have discussed my right to a jury trial.  I understand that I have the right to have a jury of 12 decide my case.  I further understand that all 12 jurors would have to agree that the elements of the crimes(s) with which I have been charged have been proved beyond a reasonable doubt before I could be found guilty.  After discussing this right with my attorney, I have decided to waive my right to a jury trial.

Clerk's Papers at 156.

The trial court then engaged in a brief colloquy with Bensinger regarding the jury waiver. The court informed Bensinger that he had a constitutional right to a jury trial, which Bensinger said he understood.  The court asked if Bensinger talked with his attorney about giving up the right and whether he had plenty of time to consider this decision.  Bensinger affirmatively responded to both questions.

The court asked Bensinger if he understood that if he were to have a jury, all 12 members would have to agree in order to reach a verdict.  Again, Bensinger affirmatively responded that he understood.  Bensinger agreed when the court asked whether he wished to waive his right to a jury trial and proceed by bench trial.  Finally, Bensinger denied that he had been threatened or received any promises in order to get him to waive his right.  The court then found that Bensinger "knowingly, voluntarily, and intelligently waiv[ed] his right to a jury trial."  Rep. of Proceedings at 131.

After a bench trial, the trial court found Bensinger guilty second degree rape – domestic violence.  Bensinger appeals his conviction.

ANALYSIS

A.     LEGAL PRINCIPLES

Both the Sixth Amendment of the United States Constitution and article I, sections 21 and 22 of the Washington Constitution guarantee a defendant's right to a jury trial.  However, a

person can waive this right if the waiver is made knowingly, intelligently, and voluntarily. *State v. Castillo-Murcia*, 188 Wn. App. 539, 547, 354 P.3d 932 (2015).

Under CrR 6.1(a), a defendant who wants to waive the right to a jury trial must file a written waiver and obtain the trial court's consent. A written waiver constitutes strong evidence that a defendant's waiver is valid. *Castillo-Murcia*, 188 Wn. App. at 548. In addition, an extensive colloquy is not required. *Id.* at 548. The trial court must inform the defendant of the right to a jury trial and receive a personal expression of waiver from the defendant. *Id.* at 547. As a result, the right to jury trial is easier to waive than other constitutional rights. *Id.*

We review jury trial waivers de novo. *State v. Ramirez-Dominguez*, 140 Wn. App. 233, 239, 165 P.3d 391 (2007).

B.     VALIDITY OF WAIVER

Bensinger argues that his waiver of the right to a jury trial was invalid because he was not fully informed of the nature of the right to a jury trial, including that he could participate in jury selection. We disagree.

1.     Bensinger's Arguments

First, Bensinger argues that we should engage in a *Gunwall*[1] analysis to determine what information the trial court must provide to the defendant before accepting a waiver of the right to a jury trial. But this court repeatedly has declined to conduct a *Gunwall* analysis regarding this issue. *E.g.*, *State v. Benitez*, 175 Wn. App. 116, 127, 302 P.3d 877 (2013); *State v. Pierce*, 134 Wn. App. 763, 773, 142 P.3d 610 (2006). This is because the scope of the right to a jury trial – which could implicate *Gunwall* – is different than the manner in which the right can be waived. *Benitez*, 175 Wn. App. at 126-27. We decline to revisit this issue.

---

[1] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

Second, Bensinger argues that we should adopt the federal standard requiring the trial court to inform the defendant of four facts before approving a waiver of the right to jury trial: "(1) twelve members of the community compose a jury; (2) the defendant may take part in jury selection; (3) jury verdicts must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." *United States v. Shorty*, 741 F.3d 961, 966 (9th Cir. 2013). But Washington courts have never required a defendant to be notified of any particular fact to validate a jury trial waiver as long as the defendant makes a personal expression of waiver. *See State v. Stegall*, 124 Wn.2d 719, 728, 881 P.2d 979 (1994); *Ramirez-Dominguez*, 140 Wn. App. at 240; *Benitez*, 175 Wn. App. at 129-30; *Pierce*, 134 Wn. App. at 771. Therefore, Bensinger's argument fails.

Third, Bensinger focuses specifically on the fact that the trial court failed to inform him that he could take part in jury selection. But this court expressly rejected this argument both in *Pierce*, 134 Wn. App. at 773, and *Benitez*, 175 Wn. App. at 129. As the court stated in *Benitez*, "[W]e have not required that a defendant be apprised of every aspect of the jury trial right in order for the defendant's waiver to be valid." 175 Wn. App. at 129. And we decline Bensinger's invitation to overrule *Pierce*.

2. Waiver Analysis

Here, the only question is whether Bensinger's waiver was made knowingly, intelligently, and voluntarily. Bensinger signed a written waiver of his right to a jury trial and orally reconfirmed that he was waiving this right. He affirmatively stated that he understood the waiver and that he discussed the waiver with his attorney. He acknowledged that he had plenty of time to consider whether he wanted to waive this right. And he agreed to waive his right to a

jury trial during a brief colloquy with the trial court. Nothing in the record indicates that Bensinger's waiver was not made knowingly, intelligently, or voluntarily.

Therefore, we hold that the trial court did not err in allowing Bensinger to waive his right to a jury trial.

## CONCLUSION

We affirm Bensinger's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
CHE, J.